IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ASHLEY KAY QUARIO; and<br>IOWA NORTHLAND REGIONAL<br>COUNCIL OF GOVERNMENTS;<br><br>  Defendants. | Civil No. 17-cv-03064-LRR |

## JUDGMENT AND DECREE OF FORECLOSURE

This matter is before the Court on plaintiff's Motion for Default Judgment (DR 7). Plaintiff is entitled to judgment as a matter of law. The Motion for Default and Decree of Foreclosure is granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

The Court has jurisdiction over all parties, defendants Ashley Kay Quario and Iowa Northland Regional Council of Governments, having been properly served, under Fed. R. Civ. P. 4 and 5(a)(2). Judgment is hereby rendered as follows:

### Default Judgment

Defendants, Ashley Kay Quario and Iowa Northland Regional Council of Governments, being in default, the Motion for Default Judgment is granted as to Defendants, Ashley Kay Quario and Iowa Northland Regional Council of Governments.

Judgment is hereby rendered *in rem* against defendants Ashley Kay Quario and Iowa Northland Regional Council of Governments, and the mortgaged premises

1

(described below) in the amount of $59,715.75, which includes $50,906.50 in principal, advances, and any other recoverable costs; plus $8,809.25 interest as of September 8, 2017; plus interest accruing thereafter in the daily amount of $6.7714 per day until judgment; plus $400.00 for costs of court, $300.00 abstracting, $79.44 service fees; $50.00 state court recording fee; and statutory interest after judgment.

Judgment is hereby rendered *in personam* against defendant, Ashley Kay Quario, in the amount of $59,715.75.

Plaintiff's mortgage is hereby established and declared to be the first, superior, and paramount lien on the real estate described below. All the rights, title and interest, claims and liens in and to the real property which defendants claim or may have therein, whether the rights, title, interest, claims or lien be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and lien of plaintiff.

Plaintiff's mortgage is hereby foreclosed for the full amount of the *in rem* Judgment. The *in rem* judgment is decreed to be a lien on the mortgaged property from May 24, 2010. Defendants and all persons claiming by, through, and under them are barred and foreclosed from all rights, title, and interest in the real property with no post-sale right of redemption.

A Writ of Special Execution shall issue against the following real property situated in Butler County, Iowa:

> **The West One-half (W 1/2) of Lots Nineteen and Twenty (19 & 20) in the Town of Allison**

Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the real property in aid and enforcement of the claim, rights, and judgment of plaintiff at public sale in accordance with 28 U.S.C. §§ 2001-2003. The sale shall be subject to any unpaid real property taxes or special assessments.

The United States Marshal shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Butler County, Iowa, published once a week for at least four (4) weeks prior to the sale.

If plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of plaintiff's bid in lieu of cash payment.

The United States Marshal shall make and execute to the purchaser at the sale a Certificate of Purchase, stating the price thereof, and shall deliver same to the purchaser and also make report of the sale to this Court.

If the property is purchased by a bid other than that of plaintiff, after deducting the costs of the sale from the proceeds thereof, the United States Marshal shall deposit the proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

If the sale is confirmed by this Court, there being no right of redemption, a Marshal's Deed shall issue forthwith to the purchaser at the sale, or his heirs, representatives, or assigns, and possession of the premises sold shall be given to the holder of the Deed. If the holder of the Deed is denied possession, a Writ of

Assistance may issue out of this Court upon the filing of a proper Praecipe and without further order of this Court. The Writ shall be issued to place the holder of the Deed in peaceable possession of the real property.

Out of the proceeds arising from the sale, they will be satisfied in the following order as far as the same shall be sufficient:

(a) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(b) The costs of the sale and of this action;

(c) The United States' *in rem* judgment against the mortgaged property and defendants Ashley Kay Quario and Iowa Northland Regional Council of Governments;

(d) Pre-judgment interest;

(e) Interest credit or subsidy recapture;

(f) The United States' *in personam* judgment against defendant Ashley Kay Quario; and

(g) The balance thereof, if any, to be brought into the Court to await further order.

Dated: October 12, 2017

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA